IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNSTOPPABLE DOMAINS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| GATEWAY REGISTRY, INC., | ) **JURY TRIAL DEMANDED** |
| JAMES STEVENS and DOES 1-100, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Unstoppable Domains Inc. ("Unstoppable Domains" or "Plaintiff") brings this action against Defendants Gateway Registry, Inc. ("Gateway"), James Stevens ("Stevens") and Does 1-100 (collectively "Defendants"), for common law trademark infringement, unfair competition under federal and Delaware law, intentional interference with contractual relations, and intentional interference with prospective business relationships.

## INTRODUCTION

The Defendants are engaged in a campaign of chaos. Knowing full well that Plaintiff has been using the .WALLET top-level domain ("TLD") for more than a year and to have sold hundreds of thousands of .WALLET blockchain domain names to customers, Defendants are attempting to create a parallel universe of identical .WALLET domain names that would cause misdirected payments and internet traffic, and generally disrupt the tens of thousands of existing users of Plaintiff's .WALLET domain names. As a result, customers will be unable to reliably access—and, more importantly, send cryptocurrency funds to—the domain name that they intend to access or send funds to. Defendants' calculated misconduct thus jeopardizes not only Plaintiff's

business model and Plaintiff's customer relationships, but potentially millions of dollars in innocent cryptocurrency transactions.

## THE PARTIES

1. Plaintiff Unstoppable Domains is a Delaware corporation having its principal place of business at 1535 Mission St. Starfish Mission, San Francisco, CA 94103.

2. Defendant Gateway is a Delaware corporation having its principal place of business in Philadelphia, PA and a mailing address of P.O. Box 15004, Philadelphia, PA 19130.

3. Defendant Stevens, Gateway's CEO and founder, is a United Kingdom resident.

4. On information and belief, Does 1-100 are entities or individuals who have directed, abetted, or otherwise participated in the wrongful acts and omissions complained of herein. The identities of Does 1-100 are currently unknown to Plaintiff.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's federal trademark infringement and federal unfair competition claims pursuant to 15 U.S.C. §§ 1121(a) and 1125 and 28 U.S.C. § 1338(a) and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1338(b) and § 1367(a) as all claims herein form part of the same case or controversy.

6. Venue and personal jurisdiction over Defendants are proper under 28 U.S.C. § 1391(b). Defendant Gateway resides in Delaware, and, on information and belief, Defendant Stevens is subject to personal jurisdiction and venue in Delaware as CEO of Gateway. In addition, Defendants sell their infringing products in this District and Defendants' willful actions have caused and will continue to cause Plaintiff significant damage in this District.

## UNSTOPPABLE DOMAINS' VALUABLE TRADEMARK RIGHTS

7. Unstoppable Domains is a software company and blockchain domain name provider that allows individuals and entities to purchase decentralized domain names that are minted as a non-fungible token ("NFT") on the Ethereum blockchain.

8. Unstoppable Domains was founded in 2018 by Matthew Gould, Braden Pezeshki, Bradley Kam, and Bogdan Gusiev.

9. Unstoppable Domains owns and operates a domain registry that markets, sells, and otherwise uses in commerce, over 320,000 unique and distinct domain names having the ".WALLET" TLD.

10. Unstoppable Domains' commercial use of the .WALLET mark began no later than June 15, 2021.

11. Unstoppable Domains possesses trademark rights in the .WALLET mark, by way of its use of that mark and its filings with the U.S. Patent and Trademark Office. *See* U.S. Serial No. 90/886,517.

12. Unstoppable Domains also possesses trademark rights in the .WALLET mark by way of its previous marketing and sales of .WALLET domain names.

13. Until July 2022, Unstoppable Domains was the only domain name registry selling or marketing .WALLET domain names.

14. Unstoppable Domains has spent a substantial amount of money on promoting its .WALLET domain names.

15. Unstoppable Domains has generated over $5,000,000 in revenue attributable to the sale of .WALLET domain names.

16. Unstoppable Domains' domain name registry has successfully on-boarded hundreds of thousands of users, and its .WALLET domain names are currently operational in dozens of applications and available to tens of millions of users.

17. Plaintiff's market exposure is vast, and its customers include cryptocurrency wallet users, privacy-conscious internet users, NFT collectors, and domain name enthusiasts.

18. Unstoppable Domains' .WALLET mark has penetrated the market for domain names on the Internet and nationwide, having sold to customers all across the country.

19. As a result of this prolific use, the .WALLET mark has become closely identified with Unstoppable Domains, and represents substantial, valuable goodwill to Unstoppable Domains.

**UNSTOPPABLE DOMAINS' CONTRACTUAL AND BUSINESS RELATIONSHIPS**

20. Unstoppable Domains sells .WALLET domain names to users for a fee.

21. When users purchase .WALLET domain names from Unstoppable Domains, they must agree to Unstoppable Domains' terms and conditions. In exchange, the users receive exclusive control of the specific .WALLET domain name they have purchased.

22. Purchasers of .WALLET domain names from Unstoppable Domains are given contractual implied warranties by law, which, in this context, could imply that the purchased .WALLET domain name will belong exclusively to the purchaser.

23. Furthermore, Unstoppable Domains' .WALLET domain names derive their utility to the customer from usability on various partner applications. These partner applications are displayed to customers on the Unstoppable Domains website.

24. Unstoppable Domains has contractual and business relationships with hundreds of partner applications, with whom Unstoppable Domains contracts to build and provide support for

its .WALLET registry and its partners agree to complete an integration, making it possible to use Unstoppable Domains on these partner applications.

25. If the .WALLET domain registry becomes unreliable or unsafe for consumers to use due to the ongoing infringement by the Defendants, Unstoppable Domains' contractual and business relationships with its partner applications will be irreparably harmed.

26. Further, if the .WALLET domain registry becomes unreliable or unsafe for consumers to use due to the ongoing infringement by the Defendants, Unstoppable Domains' partner applications' contractual and business relationships with their own customers (collectively, over ten million customers) will be harmed.

## DEFENDANTS' INFRINGEMENT OF UNSTOPPABLE DOMAINS' TRADEMARK AND UNFAIR COMPETITION

27. On or about July 4, 2022, Gateway began promoting and offering for sale .WALLET domain names that are not affiliated with or authorized by Unstoppable Domains, on Defendants' registry website, gateway.io.

28. Gateway's unauthorized use of Unstoppable Domains' .WALLET domain names has created and will continue to create numerous conflicts and interference with the thousands of existing .WALLET domain names owners.  Thus, such use will have a profound effect on Unstoppable Domains' users, collaborator applications that integrate with Unstoppable Domains, and on Unstoppable Domains itself.

29. Gateway's founder, Defendant James Stevens, has long been aware of Unstoppable Domains' .WALLET TLD.

30. Gateway prices its .WALLET domain names at a fraction of the price of other domain names that it offers for sale, indicating a specific intent to undercut Unstoppable Domains' sales.

31. On July 8, 2022, Unstoppable Domains wrote to Gateway via electronic mail demanding that Gateway cease and desist from selling or offering for sale .WALLET domain names.

32. Although Gateway has acknowledged receiving Unstoppable Domains' demand letter, it has not ceased and desisted; on the contrary, Defendant Stevens immediately took to Twitter to boast of its intentions to continue infringing Unstoppable Domains' trademark rights in an effort to put Unstoppable Domains out of business:



33. Defendant Stevens has indicated publicly that he intends to continue infringing Unstoppable Domains' mark, even if, and perhaps because, he believes his infringement can "smash" Unstoppable Domains' business model.

34. Defendant Stevens also told Plaintiff directly that "this is the wild west," and suggested that Plaintiff should "f*** off."

**HARM CAUSED TO UNSTOPPABLE DOMAINS AND ITS CUSTOMERS**

35. Defendants' use, marketing, and sale of the .WALLET mark is likely to confuse, mislead, or deceive consumers into believing that Defendants' .WALLET domain names originate from, or are associated with, sponsored by, or affiliated with Unstoppable Domains, or conversely, that Unstoppable Domains' services originate from, or are associated with, sponsored by, or affiliated with Defendants, when they are not.

36. Additionally, if someone purchases a .WALLET domain name from Defendants with the same name as a .WALLET domain name already sold to a user by Unstoppable Domains, it has and will create irreconcilable conflicts between the two domain names.

37. Plaintiff's .WALLET users is losing substantial amounts of money because Defendants' .WALLET domain names are permitted to continue to circulate in the market.

38. If a cryptocurrency account integrates with both Unstoppable Domains' .WALLET domain name and Defendants' .WALLET domain name, the conflict between two conflicting identical .WALLET domain names will result in the mis-routing of some users' cryptocurrency payments; the only thing determining whether the payment went to the Unstoppable Domains' version of the domain name or to Defendants' version of the domain name would be the default settings of the application used to initiate the payment.

39. The same misdirection can happen when users of Unstoppable Domains' .WALLET domain name sets up a website – Defendants' same .WALLET domain name will cause untold website traffic to be misdirected.

40. The goodwill that Unstoppable Domains has amassed in the .WALLET mark is likewise put at risk by Defendants' appropriation and use of the .WALLET mark.

41. Some of Unstoppable Domains' customers are aware of the potential technical collision described above and caused by the existence of Defendants' infringing .WALLET domain names and have expressed concern about the potential harmful consequences of Defendants actions (Defendants are working in conjunction with a service called "Handshake.") The imminent technical collision erodes consumers' trust and confidence in Unstoppable Domains, as shown below by numerous customer comments:



by **Derek Samuelson** on **Wed, 6 Jul at 12:07 AM** via **Portal**

.wallet domains and HNS

I own 15 UD .wallet domains, all of which are going to be useless now with Handshake doing the same. What is your plan of action for this, and how will my investment be protected? If it's not resolved and protected quickly, I simply want a refund. This fire should have been put out long before this was able to happen.



42. Unstoppable Domains has no adequate remedy at law to stop Defendants' ongoing infringement and unfair competition and the potential tremendous tide of misdirected payments to and from tens of thousands of innocent members of the public.

43. Furthermore, the Defendants' ongoing infringement irreparably harms not only Unstoppable Domains, but also the hundreds of partner companies that have invested time and resources in integrating with Unstoppable Domains. Defendants' actions destroy the reliable functioning of Unstoppable Domains on partner applications by producing duplicate .WALLET domain names, rendering the use of Unstoppable Domains' .WALLET domains unreliable and hazardous to partners' users.

44. By causing chaos in partner applications, the Defendants' actions injure all customers of these several hundred partner applications. This harms a collective customer base of over ten million customers.

45. Unstoppable Domains is being, and will continue to be, irreparably injured and harmed by Defendants' unlawful conduct.

46. In addition, Unstoppable Domains has been damaged by Defendants' past infringement and unfair competition.

**FIRST CLAIM FOR RELIEF**
**COMMON LAW TRADEMARK INFRINGEMENT**

47. Plaintiff incorporates by reference all other paragraphs of this Complaint.

48. Unstoppable Domains owns and operates a domain registry that markets, sells, and otherwise uses in commerce, over 320,000 unique and distinct domain names having the ".WALLET" domain name.

49. Unstoppable Domains possesses trademark rights in the .WALLET mark, by way of its extensive nationwide use, and its filings with the U.S. Patent and Trademark Office. *See* U.S. Serial No. 90/886,517.

50. Unstoppable Domains also possesses trademark rights in the .WALLET mark by way of its previous marketing and selling of the .WALLET domain names.

51. Until this month, Unstoppable Domains was the only domain registry selling or marketing the .WALLET domain names.

52. Unstoppable Domains has spent a substantial amount of money promoting its brand and has generated over $5,000,000 from the sale of .WALLET domain names.

53. Unstoppable Domains' .WALLET domain registry has already successfully on-boarded tens of thousands of users, and it is already integrated into hundreds of applications.

54. By being the first to make commercial use of the .WALLET mark, Unstoppable Domains has acquired the right to exclude others from using the .WALLET mark, or any similar mark that is likely to cause confusion in the marketplace.

55. Beginning in or around this month, Defendants have used the .WALLET mark in interstate commerce in connection with its sale, offering for sale, distribution, or advertising of its goods and/or services in the United States.

56. Such sales and offers of sale willfully infringe Plaintiff's .WALLET mark.

57. Defendants' use of the .WALLET mark is likely to cause confusion in the marketplace and is likely to cause mistake or to deceive consumers because the .WALLET domain name that Defendants market and sell is identical to Plaintiff's protected .WALLET domain names.

58. As a direct and proximate result of Gateway's trademark infringement, Plaintiff has been harmed.

59. Plaintiff has suffered damages in an amount to be established after proof at trial or in the statutory amount.

60. Plaintiff is further entitled to disgorge Defendants' profits attributable to its willfully infringing sales.

61. Plaintiff's remedy at law is not adequate to compensate for injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief.

## SECOND CLAIM FOR RELIEF
## UNFAIR COMPETITION (FEDERAL LAW)

62. Plaintiff incorporates by reference all other paragraphs of this Complaint.

63. Defendants have willfully and consciously committed trademark infringement by using in commerce one or more marks that are identical and confusingly similar to the .WALLET mark on or in connection with the sale of goods and services, in a way that is likely to cause

confusion, mistake, or deception as to whether Defendants have a connection with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods and services.

64. The use of infringing trademarks in marketing, and the other actions alleged herein, constitute proscribed acts of unfair competition in violation of 15 U.S.C. § 1125(a).

65. The harm of such unfair competition outweighs its utility, has the effect of confusing and deceiving consumers, and trades off the goodwill of Unstoppable Domains. It also has the tendency to dilute the value of Plaintiff's brand.

66. Plaintiff has suffered resulting damages and Defendants have enjoyed resulting profits from the confusion, in an amount to be established at trial.

67. Defendants' acts of unfair competition have caused and will continue to cause damage to Plaintiff in an amount to be determined at trial.

68. Plaintiff is entitled to damages, and further entitled to an accounting of infringing profits as unjust enrichment, for willfulness or for deterrence.

69. As a direct and proximate consequence of the unfair competition complained of herein, Unstoppable Domains has been irreparably harmed to an extent not yet determined and will continue to be irreparably harmed by such acts in the future unless the Court enjoins Defendants from committing further acts of infringement.

70. Plaintiff's remedy at law is not adequate to compensate for injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief.

## THIRD CLAIM FOR RELIEF
### UNFAIR COMPETITION (DELAWARE LAW)

71. Plaintiff incorporates by reference all other paragraphs of this Complaint.

72. Each of Defendants' acts and omissions alleged herein, including trademark infringement and unfair competition, harms Plaintiff and constitutes improper palming off or passing off under Delaware law.

73. Defendants' use of the .WALLET mark tends to induce consumers into believing that its goods and/or services are affiliated with Plaintiff and its goods and/or services.

74. Defendants' acts and omissions alleged herein constitute unfair competition because the harm of these business practices outweighs the utility, if any, of these business practices, and are unscrupulous and injurious to consumers. Defendants' business practices risk causing irreparable harm to consumers in the service of making a quick profit for Defendants.

75. Defendants' acts and omissions alleged herein constitute unlawful business practices because Defendants' conduct is forbidden by multiple laws, including the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2532.

76. Defendants' acts and omissions alleged herein constitute fraudulent business practices because consumers are likely to be deceived.

77. Defendants' activities have caused and will continue to cause damage to Plaintiff, in an amount to be determined at trial.

78. As a direct and proximate consequence of the infringement complained of herein, Plaintiff has been irreparably harmed to an extent not yet determined and will continue to be irreparably harmed by such acts in the future unless the Court enjoins Defendants from committing further acts of infringement.

79. Plaintiff's remedy at law is not adequate to compensate for injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief.

## FOURTH CLAIM FOR RELIEF
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

80. Unstoppable Domains has valid contracts with tens of thousands of users who have purchased over 320,000 .WALLET domain names from Unstoppable Domains.

81. Each of those users has agreed to Unstoppable Domains' contractual terms and conditions.

82. Defendants have long been aware of such contracts.

83. Defendants intended to interfere with such contracts by means of the wrongful acts and omissions complained of herein.

84. Defendants have in fact interfered with such contracts via the wrongful acts and omissions complained of herein.

85. Defendants have also interfered with such any implied warrant(ies) between Unstoppable Domains and its customers, via the wrongful acts and omissions complained of herein.

86. Defendants have also frustrated the purpose of such contracts via the wrongful acts and omissions complained of herein.

87. Defendants have no justification or privilege for their wrongful acts and omissions.

88. Unstoppable Domains has been harmed by the wrongful acts and omissions complained of herein.

89. Defendants' activities have caused and will continue to cause damage to Plaintiff, in an amount to be determined at trial.

90. As a direct and proximate consequence of the acts and omissions complained of herein, Unstoppable Domains has been irreparably harmed to an extent not yet determined and

will continue to be irreparably harmed by such acts in the future unless the Court enjoins Defendants from committing further acts of infringement.

91. Plaintiff's remedy at law is not adequate to compensate for injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief.

### FIFTH CLAIM FOR RELIEF
### INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS

92. Unstoppable Domains has prospective business relationships with current users of its .WALLET domain names and with customers who are interested in the acquiring a .WALLET domain name from Unstoppable Domains in the future.

93. Unstoppable Domains also has prospective business relationships with current partners who have integrated with its .WALLET domain names, and with other businesses who are interested in integrating with its .WALLET domain names in the future.

94. Defendants are familiar with Unstoppable Domains' business model and therefore know that such relationships exist.

95. There is a reasonable probability of a business opportunity between Unstoppable Domains and its current and prospective customers.

96. Defendants intended to interfere with such relationships via the wrongful acts and omissions complained of herein.

97. Defendants have interfered with such relationships via the wrongful acts and omissions complained of herein, including (but not limited to) by causing existing users to be less likely to purchase additional registrations with Unstoppable Domains and by causing prospective future users not to contract with Unstoppable Domains.

98. Unstoppable Domains has been harmed by the wrongful acts and omissions complained of herein.

99. Defendants' activities have caused and will continue to cause damage to Plaintiff, in an amount to be determined at trial.

100. As a direct and proximate consequence of the acts and omissions complained of herein, Unstoppable Domains has been irreparably harmed to an extent not yet determined and will continue to be irreparably harmed by such acts in the future unless the Court enjoins Defendants from committing further acts of infringement.

101. Plaintiff's remedy at law is not adequate to compensate for injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury of any issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Unstoppable Domains requests the following relief from the Court:

1. Judgment in favor of Plaintiff and against Defendants;

2. An order temporarily, preliminarily, and permanently enjoining Defendants, and those in active concert with Defendants, from continuing their trademark infringement, unfair competition, and interference with business relations;

3. An award of damages in an amount to be determined at trial, including Defendants' unjust enrichment and profits, with such damages trebled for willful infringement;

4. An award of exemplary and punitive damages;

     5.     Pre-judgment interest and post-judgment interest at the legally allowable rate on all amounts owed;

     6.     An award of costs, expenses and attorneys' fees under 15 U.S.C. § 1117(a) and 6 Del. C. § 2533;

     7.     Statutory damages as allowed by law; and

     8.     Such other and further relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

OF COUNSEL:

Andrew D. Skale
MINTZ LEVIN COHN FERRIS
 GLOVSKY & POPEO
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
(858) 314-1500

*Attorneys for Plaintiff*

July 19, 2022