IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNSTOPPABLE DOMAINS INC., )
)
Plaintiff, )
)
v. ) C.A. No. 22-948 (CFC)
)
GATEWAY REGISTRY, INC., )
JAMES STEVENS and DOES 1-100, )
)
Defendants. )

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO
NON-PARTY SCOTT FLORCSK'S MOTION TO INTERVENE
AS DEFENDANT AND REQUEST TO STAY RULING ON
PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING
ORDER AND MOTION FOR DEFAULT JUDGMENT**

<table>
<tr><td></td><td>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Jack B. Blumenfeld (#1014)<br>Michael J. Flynn (#5333)<br>1201 North Market Street<br>P.O. Box 1347</td></tr>
<tr><td>OF COUNSEL:</td><td>Wilmington, DE 19899<br>(302) 658-9200</td></tr>
<tr><td>Andrew D. Skale<br>MINTZ LEVIN COHN FERRIS<br> GLOVSKY & POPEO<br>3580 Carmel Mountain Rd.,<br>Suite 300<br>San Diego, CA 92130<br>(858) 314-1500</td><td>jblumenfeld@morrisnichols.com<br>mflynn@morrisnichols.com<br><br>*Attorneys for Plaintiff*</td></tr>
</table>

September 7, 2022

# TABLE OF CONTENTS

**Page**

I.     Introduction..................................................................................................1

II.    Nature and Stage of Proceedings..................................................................3

III.   Summary of Argument ..................................................................................4

IV.    Statement of Facts.........................................................................................5

V.     Argument .......................................................................................................8

       B.     Florcsk's Motion to Intervene Should be Denied ...............................10

             i.     The Motion to Intervene is Not Timely .......................................11

             ii.    Florcsk Does Not Have a Sufficient Interest in This Litigation
                 That Will be Impaired by Plaintiff's Proposed Injunction ..........14

             iii.   Florcsk's Argument Regarding Inadequate Representation
                 is a Product of His Own Making .................................................16

       C.     The Court Should Not Permit Intervention Under Rule 24(b) ...........17

       D.     The Court Should Enter Default Judgment and Grant Permanent
             Injunctive Relief Against Defendants Gateway and Stevens.............18

       E.     Florcsk's Alternative Request for an Order that He not be Enjoined
             Should be Denied. ...............................................................................19

VI.    Conclusion ...................................................................................................20

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell Atl. Delaware, Inc. v. Global NAPS S., Inc.*,
  77 F. Supp. 2d 492 (D. Del. 1999)....................................................................10

*Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*,
  701 F.3d 938 (3d Cir. 2012) ...............................................................................11

*Comdyne I, Inc. v. Corbin*,
  908 F.2d 1142 (3d Cir. 1990) ..............................................................................15

*Donaldson v. United States*,
  400 U.S. 517 (1971)...........................................................................................15

*In re Cmty. Bank of N. Va.*,
  418 F.3d 277 (3d Cir. 2005) ............................................................................9, 11

*In re Linerboard Antitrust Litig.*,
  333 F. Supp. 2d 333 (E.D. Pa. 2004).....................................................................9

*Innovative Office Products, Inc. v. Amazon.com, Inc.*,
  2012 WL 1466512 (E.D. Pa. Apr. 26, 2012).........................................................8

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder*,
  72 F.3d 361 (3d Cir. 1995) ..............................................................................9, 15

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*,
  732 F.2d 452 (5th Cir. 1984) (en banc) ..............................................................15

*Petersen v. Fee Int'l, Ltd.*,
  435 F. Supp. 938 (W.D. Okla. 1975)..................................................................16

*Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc.*,
  270 F.R.D. 161 (D. Del. 2010) ...........................................................................15

*United States v. Alcan Aluminum*,
  25 F.3d 1174 (3d Cir. 1994) ..........................................................................11, 15

*United States v. Scott*,
   2012 WL 224500 (D. Colo. Jan. 25, 2012) ......................................................15

*Wallach v. Eaton Corp.*,
   837 F.3d 356 (3d Cir. 2016) .............................................................................11

**Rules and Statutes**

15 U.S.C. § 1116(a) ......................................................................................................9

Fed. R. Civ. P. 24(a).............................................................................................*passim*

Fed. R. Civ. P. 24(b) ............................................................................................*passim*

Fed. R. Civ. P. 65(d)(2)........................................................................2, 13, 15, 20

## I.   INTRODUCTION

Plaintiff Unstoppable Domains Inc. ("Unstoppable" or "Plaintiff") opposes non-party Scott Florcsk's eleventh-hour Motion to Intervene as Defendant and Request to Stay Ruling on Plaintiff's Motion for Temporary Restraining Order and Motion for Default Judgment (D.I. 22).  By his own admission, Florcsk has known about this litigation since its inception, and that it was likely even before that, as evidenced by the fact that he took it upon himself to send (anonymous) threats to Plaintiff's counsel following Plaintiff's pre-suit demand letter to  Defendants James Stevens and Gateway Registry, Inc. (collectively, "Defendants").  *See* Sazer Decl. Exs. A-B.  Florcsk has continued to actively coordinate with Defendants ever since. Indeed, Florcsk further admits that as soon as Plaintiff filed its Complaint, he met with Defendants in consultation with an experienced attorney to review the Complaint – which explicitly sought an order enjoining Defendants *and* "those acting in active concert with them" from "continuing their trademark infringement, unfair competition, and interference with business relations."  By the conclusion of that meeting, Florcsk likewise knew that Defendants would not be mounting a defense in this action.  Yet Florcsk, who now tells the Court that ".WALLET is his whole business," sat on the sidelines and did nothing until after Plaintiff moved for default judgment and a permanent injunction against Defendants.

Florcsk offers no explanation for his weeks-long delay.  Florcsk's motion to intervene at the tail end of this litigation is untimely under either of Fed. R. Civ. P. 24(a) or 24(b), and should be denied for that reason alone.

Florcsk's motion should also be denied because he lacks a sufficient legal interest in the outcome of this litigation:  Under the terms of the order sought by Plaintiff, Florcsk would not be implicated by that injunction as long as he does not act "in concert with" Defendants.

For the same reason, Florcsk's alternative request for an order that any permanent injunction entered against Defendants "does not encompass [his] use and enjoyment of the .WALLET Top Level Domain ("TLD") on the Handshake blockchain or his rights thereto" should be denied.  As should be clear from the terms of the order sought by Plaintiff (which mirrors the terms used in Fed. R. Civ. Proc. 65(d)(2)), Florcsk's "use and enjoyment of the .WALLET [TLD]" would only be impeded to that extent that such "use and enjoyment" consisted specifically of selling, offering, or promoting .WALLET TLDs in concert with Defendants.  It is difficult to see what further clarification the Court could provide.

Because Florcsk's intervention in this near-complete matter is both untimely and unnecessary, his motion to intervene should be denied and the Court should proceed with deciding Plaintiff's pending motion for default judgment and a permanent injunction against Defendants as expeditiously as possible.

## II.    NATURE AND STAGE OF PROCEEDINGS

Unstoppable filed its Complaint on July 19, 2022, asserting claims for (1) common law trademark infringement; (2) unfair competition under 15 U.S.C. § 1125(a); (3) unfair competition under Delaware law, including the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2532; (4) intentional interference with contractual relations; and (5) intentional interference with prospective business relationships.  D.I. 1.

On July 29, 2022, Plaintiff filed a Motion for a Temporary Restraining Order and Preliminary Injunction ("TRO Motion") to prevent Defendants' continued trademark infringement and violations of Plaintiff's rights.  D.I. 7.  Service of the motion was properly completed on August 1, 2022.  D.I. 10.  On August 4, 2022, the Court issued an Oral Order setting a teleconference to discuss Plaintiff's TRO Motion for August 9, 2022.  Plaintiff served a copy of the Oral Order on Defendants the same day.   D.I. 12.   No one appeared for Defendants on the August 9 teleconference.

On August 11, 2022, the Court issued an Oral Order setting a hearing on the TRO Motion for August 16, 2022.  This was also properly served the same day.  D.I. 13.  No one appeared for Defendants at the August 16 hearing.

When Defendants failed to respond to the Complaint or otherwise appear by the deadline of August 11, 2022, Plaintiff filed a Request for Default on August 12,

2022, (D.I. 14). The Clerk of Court docketed an Entry of Default on August 16, 2022, (D.I. 15). Neither Defendant opposed Entry of Default.

Plaintiff moved for entry of default judgment and an order granting permanent injunctive relief on August 19, 2022, (D.I. 17). Defendants did not oppose that motion. To date, no counsel has appeared for Defendants.[1]

## III.   SUMMARY OF ARGUMENT

1.   Florcsk's motion to intervene as a matter of right under Fed. R. Civ. P. 24(a) should be denied because he fails to meet the requirements for intervention as a matter of right. His motion, made long after he began coordinating with the named defendants regarding Plaintiff's claims and only after the litigation was all but complete, is untimely and Florcsk offers no legitimate reason for his decision to sit on the sidelines until now. Florcsk also has no significant protectable interest in the litigation that would be impaired absent his intervention, because any injunction would apply to him only to the extent he chooses to act in concert with the defaulting Defendants. Finally, any argument regarding inadequate representation of his interests by Defendants – who were agents of, and in privity with, him and his company, Wallet Inc. – is a problem of his own making.

---

[1]   On July 28, 2022, Defendants identified Michael Rodenbaugh from the firm Rodenbaugh Law as their counsel. *See* D.I. 20, ¶ 3. Mr. Rodenbaugh never entered an appearance in this case. On August 18, 2022, after the Court's Entry of Default was served on him and Defendants, Mr. Rodenbaugh emailed Plaintiff's counsel stating he has never been retained by Defendants in this matter. *See id.*, ¶ 10.

4

2.     Florcsk's motion for permissive intervention under Fed. R. Civ. P. 24(b) should likewise be denied for being untimely as required by that rule. Moreover, permitting Florcsk to intervene now "will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

3.     Florcsk's request for the Court to defer ruling on Plaintiff's pending motion for default judgment and a permanent injunction against Defendants should be denied because his intervention is unwarranted and unnecessary, and Florcsk has no legal right to defend against Defendants' default or claims that are not asserted against him.

4.     With respect to Florcsk's request that the Court issue an order that specifically excludes him from the scope of any permanent injunction entered against Defendants, that request should be denied.  The scope of the proposed injunction is clearly and properly defined to encompass the named defendants and "those acting in concert with them" from engaging in certain actions that harm Plaintiff.  Whether or not Florcsk falls within the scope of the injunction is something only he can control.

## IV.    STATEMENT OF FACTS

Plaintiff summarized the facts underlying its pending motions in prior briefing, and incorporates those facts here.  *See* D.I. 8 (Plaintiff's Opening Brief In Support Of Its Motion For A Temporary Restraining Order And Preliminary

Injunction) and D.I. 18 (Plaintiff's Opening Brief In Support Of Its Motion For Default Judgment And Order Granting Permanent Injunctive Relief).

As an initial matter, it is unclear whether Florcsk has any personal interest forming the basis for his purported basis of a right to intervene here. According to press release issued by Wallet Inc. on July 4, 2022, the day registrations went live on Gateway's service, it is Wallet Inc. – not Florcsk – that was registering the .WALLET domains through its "official registry and registrar" Gateway. *See* Flynn Decl., Ex. 1 ("Wallet Inc. announced today they are accepting registration for their .wallet top level domain (TLD) name on the Handshake blockchain."). The press release describes Wallet Inc. as "[a] Washington State Corporation formed for the .wallet domain extension on Handshake." *Id.* As this motion is by Florcsk himself, and not Wallet Inc., this motion would seem to be improper on its face.

Further, as Florcsk concedes, he has been aware of this litigation since its inception on July 19, 2022, and chose not to intervene. In fact, he has been in discussions with Defendants Gateway and Stevens since well *before* the Complaint was filed regarding Plaintiff's dispute with Defendants Gateway and Stevens.

Florcsk acknowledges that he had a conversation with Defendant Stevens following a July 6, 2022 pre-suit demand from Unstoppable that he stop selling .WALLET domains – and Florcsk was informed then that Mr. Stevens had no intention of complying with that demand. *See* D.I. 24 ("Florcsk Decl."), ¶ 12.

Florcsk was also aware of the July 8, 2022 cease-and-desist letter sent to Gateway, as demonstrated by his emailed response to that letter the same day.  *See* Florcsk Decl., ¶ 13 and Ex. 1.  Although that e-mail claimed that its sender was "the owner of .wallet – the REAL .wallet" it was unsigned and there was no indication that it came from Florcsk at that time.  Florcsk Decl., Ex. 1.

Florcsk also knew early in the litigation that Defendants Gateway and Stevens would not defend themselves in this action.  *See* Florcsk Decl., ¶ 15.  According to a letter posted only by Florcsk, he and Mr. Stevens met with Mike Rodenbaugh (who Defendants previously identified as their counsel in this action), but chose not to retain Mr. Rodenbaugh as counsel to defend this action.  *See* Flynn Decl., Ex. 2 (July 31, 2022 open letter to "Handshake investors, stakeholders, and founders" from Florcsk).  Instead, their solution to this litigation was for Mr. Stevens to shut down Gateway because "it is too late to affect any positive outcome on this matter."  *Id.* The voluntary shuttering of Gateway meant that Florcsk was "without a registrar" and thus "unable to offer [] .WALLET SLDs."  Florcsk Decl., ¶ 15.

Florcsk certainly knew that after Gateway shut down its operations it would not defend against Plaintiff's motion for a temporary restraining order and preliminary injunction, filed July 29, 2022 (D.I. 7).  Neither Florcsk nor his counsel contacted Plaintiff after the motion was filed, despite that motion clearly seeking to enjoin not just against Gateway and Stevens, but also "partners," "related

7

companies," and "all persons in active concert or participation with any of them," from "promoting, registering, selling, or offering for sale any .WALLET domain names." D.I. 7, Proposed Order.

Nor did Florcsk or his counsel contact Plaintiff (or its counsel) after Plaintiff requested Entry of Default on August 12, after the Clerk of Court entered default on August 16, or even after Plaintiff filed its Motion for Default Judgment and Order Granting Permanent Injunctive Relief on August 19, 2022.   Indeed, Florcsk's counsel never informed Plaintiff that he would move to intervene, let alone request a proper meet-and-confer discussion as under D. Del. LR 7.1.1, prior to filing his motion on August 29, 2022.

## V.    ARGUMENT

Florcsk's untimely motion to intervene and delay entry of default judgment and a permanent injunction will severely prejudice Plaintiff.  Defendants Gateway and Stevens have made the deliberate decision not to engage in this litigation and defend on the merits.  Florcsk should not now be allowed to step in and delay resolution on Plaintiff's claims against those Defendants, which would allow the irreparable harm to Plaintiff associated with the domain names Defendants already placed into the market to continue.  *See Innovative Office Products, Inc. v. Amazon.com, Inc.*, 2012 WL 1466512, at *3 (E.D. Pa. Apr. 26, 2012) (where defendant's default denied plaintiff the right to enforce its rights, "we conclude that

Plaintiff will suffer prejudice if the requested default judgment, which does not seek damages, is denied."). Furthermore, irreparable harm is presumed in cases of trademark infringement, and Florcsk makes no attempt to overcome this presumption. 15 U.S.C. § 1116(a).

### A.     Legal Standard for Intervention Under Rule 24

In the Third Circuit, a non-party seeking to intervene as of right under Fed. R. Civ. P. 24(a)(2) must establish that "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005) (internal quotation marks and citation omitted). "Each of these requirements must be met" in order for a non-party to be entitled to intervene as of right. *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder*, 72 F.3d 361, 366 (3d Cir. 1995).

Intervention under Fed. R. Civ. P. 24(b) is a matter of discretion for the Court. To establish that intervention is warranted under Rule 24(b), the proposed intervenor must demonstrate: (1) an independent basis for subject matter jurisdiction, (2) a timely motion, and (3) a claim or defense that has a common question of law or fact with the primary litigation. *See In re Linerboard Antitrust Litig.*, 333 F. Supp. 2d 333, 338-39 (E.D. Pa. 2004). In exercising its discretion, however, "the court must

consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also Bell Atl. Delaware, Inc. v. Global NAPS S., Inc.*, 77 F. Supp. 2d 492, 502 (D. Del. 1999) ("[T]he central consideration for the exercise of discretion is whether allowing intervention will cause delay or prejudice.").

### B.   Florcsk's Motion to Intervene Should be Denied

Florcsk's motion to intervene should be denied under either of Fed. R. Civ. P. 24(a) or 24(b) for failure to meet the requirements of those rules.  First, his eleventh-hour attempt to intervene – despite knowledge of Plaintiff's claims since before the suit was filed – cannot meet the "timely" motion requirement of either rule and he offers no explanation for sitting idly by after Plaintiff (i) filed the Complaint; (ii) moved for a TRO and preliminary injunction; (iii) the Court held a hearing on the motion for TRO and preliminary injunction; (iv) Plaintiff requested, and the Clerk entered, Entry of Default against Defendants; and (v) Plaintiff moved for entry of default judgment and a permanent injunction against Defendants.

Second, Florcsk does not have a sufficient interest in the litigation that will be impaired by entry of default judgment and a permanent injunction against Defendants because, as Florcsk acknowledges, Gateway "closed its registry business on the last week of July 2022."  Florcsk Decl., ¶ 15.  So long as Florcsk does not act

in concert with Defendants with respect to the enjoined activities, it is unclear how he will not be subject to that injunction.

Finally, any inadequacy of representation of his alleged interests by Defendants in this matter is a problem of his own making in view of his acknowledgment that he has been coordinating with his agents, Gateway and Stevens, about this dispute since before the Complaint was filed, including jointly meeting with counsel, and with full knowledge that Defendants chose not to defend the action and instead chose to let it go to a default judgment.

### i.   The Motion to Intervene is Not Timely

Both Fed. R. Civ. P. 24(a) and (b) require a motion to intervene to be "timely." Florcsk cannot meet that requirement here. Timeliness is determined "by the totality of the circumstances." *United States v. Alcan Aluminum*, 25 F.3d 1174, 1181 (3d Cir. 1994). Courts in the Third Circuit consider the totality of the circumstances based on three factors: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *Wallach v. Eaton Corp.*, 837 F.3d 356, 371 (3d Cir. 2016) (citing *In re Cmty. Bank of N. Va.*, 418 F.3d at 314). Any delay in moving to intervene is measured from the time the proposed intervenor "knows or should have known of the alleged risks to his or her rights or the purported representative's shortcomings." *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 950 (3d Cir. 2012).

Florcsk has known about Plaintiff's claims against Defendants since before this case was filed, but even after litigation commenced against his "official registry and registrar" for .WALLET domains, he sat on the sidelines. His claim that he was unaware of "the breadth of Plaintiff's requested relief" or "the risks to [his] rights" until Plaintiff filed its motion for default judgment and permanent injunction on August 19 lacks credibility. Florcsk Decl., ¶ 17.

Plaintiff's Complaint, filed July 19, 2022, specifically requests "[a]n order temporarily, preliminarily, and permanently enjoining Defendants, and *those in active concert with Defendants*, from continuing their trademark infringement, unfair competition, and interference with business relations." D.I. 1 at 16, ¶ 2 (emphasis added). Plaintiff's motion, filed July 29, 2022, likewise sought "a temporary restraining order and preliminary injunction to enjoin Defendants Gateway Registry, Inc. and James Stevens, *as well as those operating in concert with them*, from promoting, selling, or offering for sale .WALLET domain names in violation of Unstoppable's trademark and other rights in .WALLET." D.I. 7 (emphasis added); *see also id.* at Proposed Order. Yet the purported basis for Florcsk's motion to intervene is that Plaintiff has now sought a default judgment and order permanently enjoining "Defendants *and persons acting in concert or participation with Defendants*" from continuing to infringe on Plaintiff's rights. Florcsk Decl., ¶ 18 (emphasis in original); *see also* D.I. 23 (Op. Br.) at 3, 12, 16, 17.

But Florcsk has acknowledged that he and Mr. Stevens "met with an experienced lawyer in the domain name space named Mike Rodenbaugh," whom Defendants identified as their counsel in this matter. *See* Flynn Decl., Ex. 2. Certainly Mr. Rodenbaugh was aware that the scope of any TRO or injunction under Fed. R. Civ. P. 65(d)(2) would include "other persons who are in active concert or participation with" the Defendants.

Rather than timely moving to intervene after the Complaint was filed, Florcsk sat on his hands. And he did not move to intervene when it was clear that Plaintiff sought a TRO and preliminary injunction against "Defendants *and persons acting in concert or participation with Defendants*," which certainly would have included his company Wallet Inc. as the entity "accepting registration for [its] .wallet top level domain (TLD) name," through Gateway, "its official registry and registrar for this domain extension." Flynn Decl., Ex. 1. And he did not move to intervene when he was informed prior to July 31 that Defendant Gateway was shutting down instead of defending itself here. *See* Flynn Decl., Ex. 2. As Florcsk noted in his July 8, 2022 email to Plaintiff's counsel, he believed *before this case was filed* that "Plaintiff's dispute was more properly a dispute with [him]" and not with Gateway. Florcsk Decl., ¶ 13. But he never identified himself in that email, nor did he attempt to reach out to Plaintiff's counsel again after the Complaint was filed. And he took no action

to intervene to protect his alleged interests until the only thing remaining was entry of default judgment and a permanent injunction.

Because Florcsk sat on his hands and did nothing to protect his alleged interest as he knew this case was heading toward default judgment, the Court should deny his untimely motion to intervene.

### ii. Florcsk Does Not Have a Sufficient Interest in This Litigation That Will Be Impaired by Plaintiff's Proposed Injunction

Florcsk incorrectly assumes that "[a]n order permanently enjoining Defendants 'and those acting in concert with them' from 'selling, offering, or otherwise promoting .WALLET domain names' *necessarily implicates* Proposed Intervenor's property interest." Op. Br. at 16 (emphasis added). But under the terms of the order sought by Plaintiff, Florcsk would only be "necessarily implicate[d]" by the injunction to the extent he acts "in concert with" Defendants. Moreover, in view of Florcsk's acknowledgment that Gateway "closed its registry business on the last week of July 2022," (Op. Br. at 11; Florcsk Decl., ¶ 15), neither Florcsk nor anyone else will be selling domains through Gateway for the foreseeable future, regardless of whether or not such sale would be deemed to violate the terms of the proposed injunction.

At most, Florcsk's interest in continuing to work with Defendants, versus some other domain registry, is a "mere economic interest in the outcome of the litigation," which the Third Circuit has long held to be "insufficient to support a

motion to intervene." *Mountain Top Condo. Ass'n*, 72 F.3d at 366 (citing *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1185 (3d Cir. 1994)); *see also New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984) (en banc) ("It is plain that something more than an economic interest is necessary.").

Indeed, the Supreme Court has likewise established that a proposed intervenor must have "a significantly protectable interest." *Donaldson v. United States*, 400 U.S. 517, 531 (1971). Florcsk has no "significantly protectable interest" in continuing to work with Defendants, instead of other registrars, when those Defendants have, by defaulting, elected to concede their culpability and cease operations. *Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc.*, 270 F.R.D. 161, 164–65 (D. Del. 2010) ("A consequence of the entry of a default judgment is that 'the factual allegations of the complaint . . . will be taken as true.'") (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

Moreover, courts have specifically rejected the proposition that a non-party is permitted to intervene to prevent entry of a Rule 65(d)(2) injunction merely because the non-party intends to independently engage in the same conduct that the named defendants will be enjoined from engaging in. *See United States v. Scott*, 2012 WL 224500, at *2 (D. Colo. Jan. 25, 2012) ("That [proposed intervenor] may engage in similar conduct as defendant does not render him an individual acting in 'active

concert or participation' with defendant, thus subjecting him to any injunction arising out of this case pursuant to Rule 65.") (citing *Petersen v. Fee Int'l, Ltd.*, 435 F. Supp. 938, 941-42 (W.D. Okla. 1975)) ("The essence of [Rule 65] is that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors although they were not parties to the original action").  Because Florcsk cannot violate the terms of the proposed injunction except by working in concert specifically with Defendants (who apparently are no longer working with anyone), he lacks a sufficient interest to intervene.

In sum, any alleged "property interest" that Florcsk purportedly has will not be impaired by entry of default judgment and the proposed permanent injunction against Defendants and "and those acting in concert with them."

### iii. Florcsk's Argument Regarding Inadequate Representation is a Product of His Own Making

The record is clear that Florcsk and Defendants have been in close communication since before this litigation was filed, yet Florcsk apparently did nothing to ensure that his alleged interests were adequately represented until now, despite now telling the Court that ".WALLET is his whole business."  Op. Br. at 19. Florcsk and Defendant Stevens even jointly "met with an experienced lawyer in the domain name space," Mr. Rodenbaugh, to discuss the case but apparently decided not to engage him to defend here.  *See* Flynn Decl., Ex. 2.  Instead, Florcsk seemed content to allow Mr. Stevens to simply "shut down gateway.io's registry" in late July

and allow for entry of a default judgment against Gateway and Stevens, conceding that "it is too late to affect any positive outcome on this matter." *Id.*

If Florcsk was truly concerned about his interests being adequately represented here, he could have retained counsel for Gateway, his "official registry" that exclusively managed his .wallet domain registration.  He also could have immediately sought his own counsel and timely moved to intervene.  He could have also connected with Plaintiff's counsel.  Instead, he did nothing, and should not now be heard to complain that "the interests of Defendants in this case diverge significantly from the interests of Proposed Intervenor."  Op. Br. at 18.  Any inadequacy of representation is a product of Florcsk's own making.

### C.   The Court Should Not Permit Intervention Under Rule 24(b)

Although the Court has discretion whether to grant a motion to intervene under Rule 24(b), it should decline to do so here.  First, as discussed above, Florcsk's motion to intervene at this late stage of the litigation does meet the "timely motion" requirement of the rule.  Fed. R. Civ. P. 24(b)(1).  That alone is sufficient to warrant denying the motion under the Court's discretion.  Second, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).  There can be no doubt here that allowing Florcsk to intervene now will unduly delay entry of judgment here, after Defendants chose not to defend against the Complaint,

the motion for TRO and preliminary injunction, or the pending motion for default judgment and a permanent injunction.  Plaintiff will also be prejudiced by any delay in granting the proposed injunction because it would effectively allow Defendants to resume the activities that were subject of the Complaint and subsequent motions to enjoin.  And, for the reasons discussed above, Florcsk will only be subject to such an injunction if he acts in concert with Defendants.

To the extent Florcsk has any legitimate legal rights to use of the .WALLET domain, he can assert those at the appropriate time in the appropriate litigation.[2]  His intervention here, at this stage of the litigation where Defendants have chosen not to defend against Plaintiff's claims, will have no bearing on the adjudication of the claims against the named defendants.  Instead, it will only unduly delay resolution of this litigation and prejudice Plaintiff.

For all these reasons, the Court should decline to exercise its discretion to permit Florcsk from intervening in this case.

### D.   The Court Should Enter Default Judgment and Grant Permanent Injunctive Relief Against Defendants Gateway and Stevens

Because intervention in this litigation by Florcsk is untimely, unwarranted, and unnecessary, his motion to intervene should be denied.  The Court should also

---

[2]     For example, to the extent Florcsk challenges the existence of any valid and protectable rights in the .WALLET or WALLET marks by Plaintiff, he can do so at the USPTO.

deny his request to defer or delay ruling on Plaintiff's pending motions for default judgment and a permanent injunction against Defendants.

Even if the Court were to grant the motion to intervene, that does not absolve the Defendants from their decision to not engage in this litigation and entry of default judgment and an order enjoining Defendants is still necessary and proper. That default would have to proceed as Defendants have not appeared in the litigation. Nothing Florcsk could say or do here will change the result of Defendants' default, and he cannot stand in Defendants' place and defend against Plaintiff's claims on their behalf. There are no claims asserted against Florcsk or his company, Wallet Inc., for him to defend against in this litigation. Accordingly, the Court should proceed with a decision on Plaintiff's pending motion as expeditiously as possible.

### E.    Florcsk's Alternative Request for An Order That He Not Be Enjoined Should be Denied

Florcsk requests that, if the Court denies his motion to intervene, the Court should issue an order stating that "the permanent injunction sought by Plaintiff does not encompass Proposed Intervenor's use and enjoyment of the .WALLET Top Level Domain ("TLD") on the Handshake blockchain or his rights thereto." Op. Br. at 1; *see also id.* at 17 n.3. Plaintiff has sought relief here against defaulting Defendants Gateway and Stevens to enjoin them "and their employees, agents, partners, officers, directors, owners, shareholders, principals, parents, subsidiaries, related companies, affiliates, and all persons in active concert or participation with

any of them" from violating Plaintiff's rights in its .WALLET domain and from, *inter alia*, selling or registering .WALLET domains.  Florcsk (or his company, Wallet Inc.) would only violate a Rule 65(d)(2) injunction by working "in active concert or participation" with Defendants.  Of course, the same is true of every other person within this Court's jurisdiction.  Florcsk may have worked with Gateway and Stevens in the past, but since Florcsk is not a party to this action, that does not change the analysis for purposes of a forward-looking injunction, justifying a "get out of jail free" card to Florcsk to do anything he wants.

## VI.   CONCLUSION

For the foregoing reasons, the Court should deny Florcsk's motion to intervene under Fed. R. Civ. P. 24(a) or 24(b), his request to defer ruling on Plaintiff's pending motion for default judgment and a permanent injunction against Defendants, and his alternative request for an order of the Court explicitly excluding him from the scope of any such injunction.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

OF COUNSEL:

Andrew D. Skale
MINTZ LEVIN COHN FERRIS
 GLOVSKY & POPEO
3580 Carmel Mountain Rd.,
Suite 300
San Diego, CA  92130
(858) 314-1500

September 7, 2022

_____
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiff*

21

## WORD COUNT CERTIFICATION

The undersigned counsel hereby certifies that the foregoing document contains 4,773 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count includes only the body of the brief. The word count does not include the cover page, tables of contents and authorities, or the counsel blocks.

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 7, 2022, upon the following in the manner indicated:

David E. Moore, Esquire                                    *VIA ELECTRONIC MAIL*
Bindu A. Palapura, Esquire
Carson R. Bartlett, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Non-Party Scott Florcsk*

Eugene Rome, Esquire                                      *VIA ELECTRONIC MAIL*
Sridavi Ganesan, Esquire
ROME & ASSOCIATES, A.P.C.
2029 Century Park East, Suite 450
Los Angeles, CA  90067
*Attorneys for Non-Party Scott Florcsk*

*/s/ Michael J. Flynn*

_____
Michael J. Flynn (#5333)