## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNSTOPPABLE DOMAINS INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 22-948-CFC |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| GATEWAY REGISTRY, INC., ET AL, | ) | |
| | ) | |
| Defendants. | ) | |

**NON-PARTY SCOTT FLORCSK'S REPLY BRIEF IN FURTHER SUPPORT OF HIS MOTION TO INTERVENE AS DEFENDANT AND REQUEST TO STAY RULING ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR <u>DEFAULT JUDGMENT</u>**

OF COUNSEL:

Eugene Rome
Sridavi Ganesan
ROME & ASSOCIATES, A.P.C.
2029 Century Park East, Suite 450
Los Angeles, CA 90067
Tel: (310) 282-0690

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Carson R. Bartlett (#6750)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
cbartlett@potteranderson.com

Dated: September 14, 2022
10337852 / 22478.00001

*Attorneys for Non-Party Scott Florcsk*

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ...................................................................................1

II.  ARGUMENT...........................................................................................3

    A.   Florcsk's Motion to Intervene Is Timely .............................................3

    B.   Florcsk Has Sufficient Interest in This Litigation as the Relief Sought by Unstoppable Could Encompass Florcsk's Use and Enjoyment of His .WALLET TLD ...............................................................................6

    C.   Florcsk's Interests Are Not Adequately Represented ...........................7

    D.   The Court Should Not Enter Default Judgment and Grant Permanent Injunctive Relief Against Defendants ...................................................9

III. CONCLUSION ........................................................................................10

<u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Chamberlain v. Giampapa*,
219 F.3d 154 (3d Cir. 2000) ...................................................................9

*Chiles v. Thornburgh*,
865 F.2d 1197 (11th Cir. 1989) ...........................................................4

*Deutschman v. Beneficial Corp.*,
132 F.R.D. 359 (D. Del. 1990) ............................................................5

*Endoheart AG v. Edwards Lifesciences Corp.*,
2015 WL 6956603 (D. Del. Nov. 6, 2015)...........................................4

*Jet Traders Inv. Corp. v. Tekair, Ltd.*,
89 F.R.D. 560 (D. Del.1981) ................................................................5

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*,
72 F.3d 361 (3d Cir. 1995) ...................................................................3

*Select Retrieval LLC v. AmeriMark Direct LLC*,
C.A. Nos. 11–812–RGA, 12–1440–RGA, 2013 WL 3381324 (D. Del. July 3, 2013) ...................................................................................................4

*U.S. v. Alcan Aluminum, Inc.*,
25 F.3d 117 (3d Cir. 1994) ...................................................................4

*UPS Worldwide Forwarding, Inc. v. U.S. Postal Svc.*,
853 F. Supp. 800 (D. Del. 1994)...........................................................5

STATUTES

FED. R. CIV. PRO. 24(a) .........................................................................3

FED. R. CIV. PRO. 24(b).........................................................................3

## I.   <u>INTRODUCTION</u>

Plaintiff Unstoppable Domains, Inc. ("Unstoppable") does not deny that it does not have a registered trademark in WALLET or .WALLET issued by the United States Patent and Trademark Office ("USPTO").  Nor does it deny that that it is suing Defendant Gateway Registry, Inc. ("Gateway") and Defendant James Stevens ("Stevens") (collectively, "Defendants") for an anticompetitive purpose. Instead, Unstoppable opposes Proposed Intervenor Scott Florcsk's ("Florcsk") Motion to Intervene on the basis that it is untimely and that a default judgment against Defendants is inapplicable to Florcsk as long as Florcsk refrains from working in concert with Gateway to sell, offer to sell or market .WALLET domains in the future. However, as is obvious from its Opposition, Unstoppable's intent here is not to enjoin Defendants from infringing Unstoppable's nonexistent "trademark," but rather, it is a calculated step toward eliminating Unstoppable's competition for the .WALLET top level domain name ("TLD") – as well as limitless other TLDs – by picking off potential registrars.

Indeed, Unstoppable knew when it filed its complaint that Defendants did not own the .WALLET TLD on the Handshake blockchain,[1] and that Defendants would

---

[1] Unstoppable characterizes the July 8, 2022, email Florcsk sent Unstoppable identifying himself as the owner of the .WALLET TLD on Handshake's blockchain as "anonymous," because Florcsk did not include his name in the email. Declaration of Scott Florcsk in Support of Motion to Intervene, Ex. 1. However, the email clearly indicated the sender's email address as walletdomain@protonmail.com, and Florcsk

not have the means or the incentive to fight back if Unstoppable brought suit. Unstoppable also knew that obtaining a default judgment against absentee defendants would work to its advantage because, not only would wiping out Florcsk's registrar have the immediate benefit of obstructing Florcsk from registering new .WALLET TLDs on the Handshake Blockchain, but it would also have the longer-term effect of frightening other registrars and registries from working with Florcsk for fear of being sued by Unstoppable. Moreover, a default judgment in Unstoppable's favor on all claims – including its *common law* trademark infringement claim – would give the impression to the public (and other countries where Unstoppable is seeking to register the WALLET trademark) that the Court determined Unstoppable has a valid and protectable trademark even though it does not, and could not, have one.

Every owner of a trademark knows that they have a duty to defend and enforce their mark to maintain its strength. That Unstoppable is opposing this Motion to Intervene speaks volumes. If Unstoppable truly believed it had a protectable trademark in the .WALLET TLD, Unstoppable would welcome the addition of

---

identified himself as the person to whom .WALLET was registered in 2020 and as the owner of Wallet, Inc., information through which Unstoppable could easily derive Florcsk's name. Moreover, Florcsk expressly invited Unstoppable to respond to the email to discuss the .WALLET TLD, but Unstoppable never responded. The fact that Unstoppable ignored Florcsk's correspondence clearly indicates that Unstoppable was never interested in suing the proper defendant in this case, but rather, Florcsk's underfunded and disinterested registrar.

another defendant in this case who claims to be the undisputed owner of the
.WALLET TLD on Handshake's blockchain. It knows, however, that if it did so, its
hopes of getting a judgment in its favor would be dashed as its entire Complaint is
based on a false premise of trademark rights where none exists.

The Court should allow Florcsk to intervene pursuant to Fed. R. Civ. Proc.
24(a) and 24(b) to protect his property interest as the rightful defendant in this case.

## II.   ARGUMENT

### A.   Florcsk's Motion to Intervene Is Timely

The Third Circuit has listed three factors for a district court to consider
regarding the timeliness a motion to intervene: (1) the state of the proceeding; (2)
the prejudice that delay may cause the parties and (3) the reason for the
delay. *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d
361, 369 (3d Cir. 1995). But it has also cautioned that in determining whether an
application for intervention of right is timely, a court should be "reluctant to dismiss
a request for intervention" on the ground that it was untimely filed, since "the would-
be intervenor may be seriously harmed if he is not permitted to
intervene[.]" *Id.* (internal quotation marks and citation omitted).

As pointed out in Florcsk's Motion and in Unstoppable's Opposition, the
entire period of time that elapsed between the filing of Unstoppable's Complaint and
Florcsk's Motion to Intervene was *less than six (6) weeks*. This is hardly the basis

3

for a credible timeliness argument.[2] *See, e.g.*, *Endoheart AG v. Edwards Lifesciences Corp.*, 2015 WL 6956603, at *2 (D. Del. Nov. 6, 2015) (motion to intervene timely when filed seven months after complaint and four months after entry of case schedule); *U.S. v. Alcan Aluminum, Inc.*, 25 F.3d 117 (3d Cir. 1994) (motion to intervene timely when filed forty-three days after notice of the lodging of the consent decree, the point at which intervenors became aware of the potential risk to their contribution claim); *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (motion to intervene timely where motion filed seven months after the complaint and three months after the defendant filed its motion to dismiss).

Moreover, despite Unstoppable's claims that this case is in the "late stages" of litigation, very little has transpired in this case. Just because Unstoppable has filed a case-dispositive motion, does not mean that the case has progressed to the later stages or that the issues have been litigated. *See, e.g.*, *Select Retrieval LLC v. AmeriMark Direct LLC*, C.A. Nos. 11–812–RGA, 12–1440–RGA, 2013 WL 3381324, at *2 (D. Del. July 3, 2013) (finding that a motion to intervene was not untimely when filed less than four months after the scheduling order was entered

---

[2] Unstoppable argues that Florcsk knew Defendants would not defend themselves in this action. (D.I. 27, pp. 7, 11.) However, Unstoppable offers no evidence in support of this assumption. Unstoppable cannot impute knowledge of future events to Florcsk simply because Florcsk and Defendants met with a lawyer, and at the time of informing the Handshake community of Unstoppable's lawsuit, neither Florcsk nor Defendants had the funds to "keep the case going." (Declaration of Michael Flynn ("Flynn Decl."), Ex. 2.)

and nearly two years before the scheduled trial date); *Deutschman v. Beneficial Corp.*, 132 F.R.D. 359, 380 (D. Del. 1990) (motion to intervene timely where it was filed well before the close of discovery); *Jet Traders Inv. Corp. v. Tekair, Ltd.*, 89 F.R.D. 560, 568 (D. Del. 1981) (motion to intervene considered timely "where discovery has not been completed, [where] there have been no significant decisions on the merits considered or decided, and the parties could not be prejudiced by that delay, the motion must be considered timely"); *UPS Worldwide Forwarding, Inc. v. U.S. Postal Svc.*, 853 F. Supp. 800 (D. Del. 1994) (motion to intervene timely when filed less than three months after the suit was initiated, less than one month after the motion to dismiss, and before any discovery had commenced).

Here, no written discovery has been conducted, no documents exchanged between the parties, and no witnesses deposed. The Court has not set a trial date or issued any substantive ruling on the merits. Unstoppable would therefore suffer no prejudice at all by litigating its "trademark" with the *proper* defendant in this case as Unstoppable has expended very little time and/or resources on this matter against defaulted *improper* defendants.

Finally, even though Florcsk did not immediately move to intervene in this case, he was not "sitting idly by" as Unstoppable argues, but rather, Florcsk was working tirelessly to find someone who might assist him with the financial resources required to stand up to Unstoppable. Indeed, as Unstoppable admits in its

5

Opposition, as early as July 31, 2022, Florcsk distributed an open letter to Handshake's investors, stakeholders, and founders seeking financial assistance to help with the anticipated legal costs of defending his .WALLET TLD. (*See* Flynn Decl., Ex. 2.)

For these reasons, Florcsk's Motion is timely.

**B.    Florcsk Has Sufficient Interest in This Litigation as the Relief Sought by Unstoppable Could Encompass Florcsk's Use and Enjoyment of His .WALLET TLD**

Unstoppable argues that as long as Florcsk does not sell or market domains in the future through Gateway, Florcsk would not be implicated by an order permanently enjoining Defendants from registering .WALLET TLDs. (D.I. 27, p. 14). However, the semantics of the relief sought leave open the possibility that if interpreted a certain way, the permanent injunction could have an impact on Florcsk's ability to register new .WALLET TLDs (which is why Florcsk requests that, if this Court denies Florcsk's Motion to Intervene, that it expressly exclude Florcsk from the reach of the permanent injunction). Clearly, if Defendants are enjoined from registering new .WALLET TLDs, then *in the future*, anyone acting in concert with Defendants would be in violation of the Order. However, if the order were read to enjoin Defendants and anyone who ***was*** *acting in concert* with Defendants from registering .WALLET TLDs, the Order could be read to encompass

Florcsk and his ability to sell, market, and register new .WALLET TLDs in the future without Gateway's participation.

Unstoppable claims in its Opposition that an order permanently enjoining Defendants from registering .WALLET TLDs is "forward-looking" and will not apply to Florcsk as long as he does not register .WALLET TLDs with Defendants in the future. (*See* D.I. 27, p. 20.) However, entry of default could have other implications directly affecting Florcsk's interest in his .WALLET TLD. Most importantly, Unstoppable argues that entry of default necessarily means that the factual allegations of the Complaint are taken as true, including that it has a trademark in WALLET, and Defendants will have "elected to concede their culpability." (*Id*., p. 15). Yet, Defendants cannot concede infringement of a trademark that does not exist, and Defendants' inability to pay for an expensive legal battle should not mean Unstoppable is entitled to a back-door declaration of trademark rights. Thus, Florcsk's interest in his own .WALLET TLD will be significantly impaired if he is denied intervention and the Court grants Unstoppable's Motion for Default Judgment.

### C.    Florcsk's Interests Are Not Adequately Represented

Unstoppable argues that Florcsk's inadequate representation is of his own making because Florcsk should have sought his own counsel and timely moved to intervene and/or Florcsk should have connected with Unstoppable's counsel. But

these arguments are unpersuasive because *that is exactly what Florcsk did*. It is undisputed that Florcsk reached out to counsel for Unstoppable identifying himself as the owner of the .WALLET TLD and encouraging Unstoppable to confer with him, rather than Gateway, on the trademark issue before Unstoppable filed its Complaint. (Flynn Decl., Ex. 2.) Once Unstoppable filed suit, Florcsk immediately undertook efforts to find someone who might help finance the legal costs of asserting his rights, including his right to intervene, and then had to find counsel and discuss legal options with that attorney to represent him in protecting his rights. (Declaration of Scott Florcsk In Support of Reply re Motion to Intervene, ¶ 3.)

Incredibly, Unstoppable also argues that Florcsk himself should have hired counsel for Defendants when he knew that Defendants were unable to pay the legal costs. Yet, this assumes that Florcsk had the financial resources himself – which as discussed *supra*, he did not – but it also pre-supposes that if a defendant is not adequately representing the interests of a proposed intervenor in litigation, there should be some obligation for the proposed intervenor to pay the fees of the defendant, rather than intervening in the lawsuit. Again, this argument reveals Unstoppable's true intent here. Rather than allowing (or even welcoming) Florcsk into this lawsuit to hash out Unstoppable's purported "trademark" rights, Unstoppable would have Florcsk foot the legal costs to defend his *registrar*

improperly named in this lawsuit, rather than engage in litigation with the actual owner of the .WALLET TLD.

### D.     The Court Should Not Enter Default Judgment and Grant Permanent Injunctive Relief Against Defendants

In considering a motion for default, the Third Circuit recognizes that "[t]hree factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether defendant appears to have a litigable defense, and (2) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 219 F.3d 154, 164 (3d Cir. 2000).  Based on these factors, default judgment should not be granted.

Unstoppable cannot claim prejudice if the Court fails to issue a default and permanent injunction against Gateway, a company no longer in business, or its operator, Stevens. Defendants have a very clear litigable defense – that Unstoppable does not have a trademark in the .WALLET TLD.  Defendants' failure to defend in this action is not due to culpable conduct but simply an inability to pay the legal costs. Should the Court permit Florcsk to intervene, these issues can and will be decided on the merits, and likely be disposed of on a motion to dismiss.

However, should this Court deny Florcsk's Motion to Intervene and enter default judgment against Defendants on its common law trademark claim and unfair competition claim under the Lanham Act without the presentation of any defense thereto, Unstoppable will claim trademark rights in direct contradiction with the

USPTO's repeated denials of Unstoppable's applications.  To address this issue, Florcsk requests that the Court consider whether the USPTO issued any registration of WALLET to Unstoppable before ruling on Unstoppable's Motion for Default Judgment.

## III.   **CONCLUSION**

For the forgoing reasons, Proposed Intervenor Scott Florcsk respectfully requests that the Court grant his Motion to Intervene, and that the Court delay ruling on the pending Motion for Default Judgment and Permanent Injunction and Motion for Temporary Restraining Order so that Florcsk may have time and opportunity to respond thereto.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Eugene Rome
Sridavi Ganesan
ROME & ASSOCIATES, A.P.C.
2029 Century Park East, Suite 450
Los Angeles, CA 90067
Tel: (310) 282-0690

By:  */s/ Bindu A. Palapura*
  David E. Moore (#3983)
  Bindu A. Palapura (#5370)
  Carson R. Bartlett (#6750)
  Hercules Plaza, 6th Floor
  1313 N. Market Street
  Wilmington, DE  19801
  Tel:  (302) 984-6000
  dmoore@potteranderson.com
  bpalapura@potteranderson.com
  cbartlett@potteranderson.com

Dated:  September 14, 2022
10337852 / 22478.00001

*Attorneys for Non-Party Scott Florcsk*