

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984 6000
www.potteranderson.com

**Bindu A. Palapura**
Attorney at Law
Partner
bpalapura@potteranderson.com
302  984-6092 Direct Phone
302  658-1192 Fax

September 23, 2022

**VIA ELECTRONIC FILING**

The Honorable Colm F. Connolly
Chief, United States District Judge
United States District Court, District of Delaware
844 N. King Street
Wilmington, DE 19801

   **Re:**  *Unstoppable Domains, Inc. v. Gateway Registry, Inc., et al.*,
        C.A. No. 22-948-CFC

Dear Chief Judge Connolly:

  I write on behalf of Scott Florcsk, Proposed Intervenor in the above-referenced action, and in response to the unsolicited letter submitted by Unstoppable Domains, Inc. ("Unstoppable").  Unstoppable's request for a summary denial of Mr. Florsck's Motion to Intervene should be rejected, as the newly filed complaints do not resolve Mr. Florsck's interest in this case.

  In its letter, Unstoppable informed the Court of Mr. Florcsk complaint against Unstoppable asserting claims for Declaratory Judgment, Unfair Competition, and Violations of the Sherman Act and Unstoppable's later filed complaint against Mr. Florcsk and Wallet, Inc., asserting claims identical to those asserted against Mr. Florcsk's registry/registrar, Gateway Registry, Inc. ("Gateway"), and Defendant James Stevens.  Unstoppable, however, ignores the fact that Mr. Florcsk's substantive rights, as well as his claims against Unstoppable, will be affected by any judgment entered in Unstoppable's favor against Gateway, and, as such, the request should be denied.

  First, as discussed in Mr. Florcsk's Motion to Intervene, Unstoppable's proposed permanent injunction against Gateway might be read to encompass Mr. Florcsk, a party who arguably has acted "in concert with" Gateway and who intends to sell and market .WALLET TLDs.  Second, a judgment for trademark infringement

The Honorable Colm F. Connolly
September 23, 2022
Page 2

against Gateway in this action would necessarily include a finding that Unstoppable owns a trademark in the .WALLET top level domain name ("TLD'). The issue of whether Unstoppable has a trademark in the .WALLET TLD is central to Mr. Florcsk's and Unstoppable's respective actions against each other. Gateway, Mr. Florcsk's registrar/registry, is not defending itself against Unstoppable's action, and if default judgment of trademark infringement is entered against Gateway, a contrary judgment and/or a finding of facts on the same issue may result in the two newly filed actions between Unstoppable and Mr. Florcsk. Third, Unstoppable might use any default judgment entered in this case as a basis to claim that it has a trademark in .WALLET TLD to the blockchain community at large, the USPTO, and/or any other jurisdiction in which Unstoppable might seek to register a WALLET "trademark." Finally, Unstoppable's gamesmanship should not be rewarded. Much of this complication could have been avoided had Unstoppable not opposed the Motion to Intervene and simply added Mr. Florcsk and Wallet, Inc. as defendants to its action against Gateway rather than file a separate action against them.

For the foregoing reasons, denial of Unstoppable's request is proper. Given Unstoppable's attempt to use its newly filed complaint against Mr. Florcsk as a basis to request denial of Mr. Florcsk's Motion to Intervene, counsel requests to present argument on the pending Motion to Intervene.

    Respectfully,

    */s/ Bindu A. Palapura*

    Bindu A. Palapura

BAP:nmt/1034936/22478.00001

cc:    Clerk of the Court (via hand delivery)
       Counsel of Record (by electronic mail)