

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**Bindu A. Palapura**
Attorney at Law
Partner
bpalapura@potteranderson.com
302 984-6092 Direct Phone
302 658-1192 Fax

September 26, 2022

**VIA ELECTRONIC FILING**

The Honorable Colm F. Connolly
Chief, United States District Judge
United States District Court, District of Delaware
844 N. King Street
Wilmington, DE 19801

    Re: *Unstoppable Domains, Inc. v. Gateway Registry, Inc., et al.*,
        C.A. No. 22-948-CFC

Dear Chief Judge Connolly,

    I respond on behalf of Scott Florcsk ("Mr. Florsck") to Plaintiff Unstoppable Domains, Inc's ("Unstoppable") September 23, 2022 letter, which raises yet another unnecessary dispute. Unstoppable unreasonably demands that non-party Mr. Florcsk comply *immediately* with the Court's Standing Order Regarding Third Party Litigation Funding Arrangements (the "Standing Order") and produce any related agreements despite no showing of "good cause." To avoid burdening the Court with this dispute, Mr. Florcsk is willing to disclose information regarding third-party litigation funding, but not according to Unstoppable's terms and timeline.

    First, the Standing Order by its terms only applies to *parties* to the litigation, which Mr. Florcsk is not, and which Unstoppable is trying desperately to prevent. Moreover, the Order provides that a party should disclose the identity of any third-party litigation funder within "30 days of the filing of an initial pleading or transfer of the matter to this District." Even if Mr. Florcsk is later considered a party to the action, Mr. Florcsk has not filed an "initial pleading."

    Second, Unstoppable makes no showing of why it should be entitled to this information earlier than the Court's deadline to do so, or how the information is

The Honorable Colm F. Connolly
September 26, 2022
Page 2

urgent to the current proceedings.  The identity of any parties financially assisting Mr. Florcsk to intervene in the action is not relevant in determining whether intervention is appropriate under FRCP 24.[1]  Nor has Unstoppable cited any authority to support its position that such information is relevant.

Finally, pursuant to the Standing Order, should Unstoppable believe that it has grounds to seek "additional discovery of the terms of a party's arrangement with any Third Party Funder," Unstoppable must first make "a showing that the Third-Party Funder has authority to make material litigation decisions or settlement decisions, the interests of any funded parties or the class (if applicable) are not being promoted or protected by the arrangement, conflicts of interest exist as a result of the arrangement, or other such good cause exists."  Unstoppable has made no such showing, and therefore is not entitled to such information.  Moreover, this Court should reject wholesale Unstoppable's even broader request for "third-party funding agreements" and related "correspondence."  Mr. Florcsk is under no obligation to produce agreements he might have with any Third-Party Funder, nor is he required to produce related correspondence.

Mr. Florcsk does not dispute that if he is granted his motion to intervene and is thus made a party to this lawsuit, he will have an obligation to make a disclosure pursuant to the Standing Order.  However, as a non-party, Mr. Florcsk is not currently under any such obligation, let alone sooner than the time permitted by the Court.

Nevertheless, in the interest of reducing the issues brought before this Court, Mr. Florcsk will file his third-party funding disclosure statement pursuant to Paragraph 1 of the Standing Order within 10 days of this letter.  Counsel remain available at the Court's convenience should Your Honor have any questions.

---

[1] Unstoppable argues that Mr. Florcsk made the third-party funding an issue by raising it for the first time in his reply in support of his motion to intervene.  Yet, Unstoppable cited to Mr. Florcsk's letter to the Handshake community seeking assistance with litigation funding *in its Opposition*. (See Opposition, p. 7 citing Flynn Declaration, Ex. 2 (July 31, 2022 open letter to "Handshake investors, stakeholders, and founders" from Florcsk).)  That Mr. Florcsk sought financial assistance from third parties to defend his rights is no surprise to Unstoppable, and a newly-raised issue on reply is not a basis to order accelerated disclosure and discovery from a non-party.

The Honorable Colm F. Connolly
September 26, 2022
Page 3

                                          Respectfully,

                                          */s/ Bindu A. Palapura*

                                          Bindu A. Palapura

BAP:nmt/10350264/22478.00001

cc:    Clerk of the Court (via hand delivery)
        Counsel of Record (by electronic mail)