IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNSTOPPABLE DOMAINS INC.,

    Plaintiff,

  v.

GATEWAY REGISTRY, INC.;
JAMES STEVENS; and DOES 1-100

    Defendants,

SCOTT FLORCSK,

    Intervenor.

Civil Action No. 22-948-CFC

---

## <u>MEMORANDUM ORDER</u>

Scott Florcsk has moved to intervene as a defendant in this trademark infringement action against Plaintiff Unstoppable Domains, Inc. (Unstoppable). D.I. 22 at 1. Florcsk moves to intervene as a matter of right under Federal Rule of Civil Procedure 24(a), or, alternatively, for permissive intervention under Rule 24(b). D.I. 22 at 1. Florcsk also requests that I stay ruling on Unstoppable's motion for a Temporary Restraining Order (TRO) and default judgment until after Florcsk has had the opportunity to respond to the motions. D.I. 22 at 1.

For the reasons set forth below, I will grant Florcsk's motion to intervene, and I will defer for now my rulings on Unstoppable's motions.

## I.   BACKGROUND

A blockchain is a distributed digital ledger of digital "blocks" that store information.  Blockchain databases can be used for various purposes.  One well-recognized use, for example, is storing transaction data for cryptocurrencies (e.g., Bitcoin, Ethereum, Tether, etc.).

This dispute arises out of alleged property rights associated with the ".WALLET" top-level domain (TLD) on various blockchains.  A TLD is the part of a domain name that immediately follows the "dot" symbol.  For example, in the Domain Naming System (DNS) that governs the hierarchy and distribution of domain names for the internet, the TLD in the webpage link "https://www.ded.uscourts.gov" is the ".gov."  Other commonly recognized DNS TLDs are ".com," ".org," and ".net."  These TLDs play an important role in the DNS lookup process, and they help communicate a domain's purpose.  People know, for example, that the ".edu" TLD means that the websites it modifies are associated with a college or university.

On the DNS, TLD distribution is highly centralized.  A single entity called the Internet Corporation for Assigned Names and Numbers (ICANN) manages the coordination of the DNS in the United States.  *The History of ICANN*, ICANN, https://www.icann.org/history.  ICANN distributes TLDs to commercial "registrars," who manage the registration of domain names associated with given

2

TLDs.  The ".com" TLD, for example, is managed by VeriSign Global Registry Services.  *Delegation Record for .COM*, Int'l Assigned Numbers Authority, https://www.iana.org/domains/root/db/com.html.

TLDs play essentially the same role in blockchains that they do in the ICANN-managed DNS.  Blockchain users can register domains to create websites and perform other tasks, much like they can in DNS.  To do so, they similarly need a domain name associated with a given TLD.  There is, however, no centralized entity like ICAAN that manages blockchain TLDs.

Enter Unstoppable—a software company that provides domain names on the Ethereum cryptocurrency blockchain. D.I. 1 ¶ 7.  Founded in 2018, Unstoppable began commercially using the ".WALLET" TLD on Ethereum in June 2021. D.I. 1 ¶¶ 8, 10.  Unstoppable claims that it has generated over $5,000,000 in revenue from ".WALLET" domain name sales. D.I. 1 ¶ 15.

While Unstoppable has been active on Ethereum, Scott Florcsk and his company, Wallet, Inc., have been active on another blockchain, Handshake. Florcsk declares that he owns the ".WALLET" TLD on Handshake. D.I. 24 ¶ 1. He says that he began planning in August 2020 to sell ".WALLET" domain names on Handshake, D.I. 24 ¶ 7; that he formed Wallet, Inc. in Washington State in November 2020, D.I. 24 ¶ 9; and that he eventually secured a registrar, Gateway,

Inc., that began selling public domain name registrations for ".WALLET" TLDs on the Handshake blockchain on July 4, 2022, D.I. 24 ¶ 10.

In response to these sales, on July 19, 2022, Unstoppable filed this action against Gateway Registry and its CEO James Stevens for common law trademark infringement, unfair competition, intentional interference with contractual relations, and intentional interference with prospective business relationships.  D.I. 1 ¶¶ 47–101.  Unstoppable did not name Scott Florcsk or Wallet, Inc. as defendants.  D.I. 1 ¶¶ 1–4.

Ten days later, on July 29, 2022, Unstoppable filed a motion for a TRO and preliminary injunction to "enjoin Defendants Gateway Registry, Inc. and James Stevens, as well as those operating in concert with them, from promoting, selling, or offering for sale .WALLET domain names in violation of Unstoppable's trademark and other rights in .WALLET pending resolution of this case."  D.I. 7 at 1.  I scheduled a hearing for August 16, 2022, and notice of this hearing was served to Gateway and Stevens on August 11, 2022.  D.I. 13 at 1.  After no defense representative attended the hearing, the clerk entered default against Gateway and Stevens on August 16, 2022 at Unstoppable's request.  D.I. 15 at 1.  Three days later, Unstoppable filed a motion for a default judgment and an order declaring that Gateway, Stevens, and "related companies, affiliates, and all persons in active concert or participation with any of them" be permanently enjoined from

4

"promoting, registering, selling, or offering for sale any .WALLET domain names." D.I. 17 ¶ 3. Another ten days after Unstoppable filed its motion for default judgment, on August 29, 2022, Florcsk filed the pending motion to intervene and stay rulings on Unstoppable's motions. D.I. 22 at 1.

Unstoppable and Florcsk have also filed separate lawsuits against each other. On September 21, 2022, Florcsk filed a complaint against Unstoppable, seeking (1) a declaration of noninfringement of Unstoppable's claimed trademark rights and (2) judgments against Unstoppable for both unfair competition and antitrust violations. *Florcsk v. Unstoppable Domains Inc.*, 22-1230, D.I. 1 ¶¶ 75–108. Unstoppable returned fire the same day, suing Florcsk and Wallet, Inc. for common law trademark infringement, unfair competition under federal and state law, intentional interference with contractual relations, and intentional interference with prospective business relationships. *Unstoppable Domains Inc. v. Wallet Inc.*, No. 22-1231, D.I. 1 ¶¶ 58–112.[1]

---

[1] Florcsk and Unstoppable have both since filed First Amended Complaints. *See* 22-1230, D.I. 14; 22-1231, D.I. 15. The defendants in both cases have also filed motions to dismiss the respective First Amended Complaints for failure to state a claim upon which relief can be granted. *See* 22-1230, D.I. 17; 22-1231, D.I. 18.

## II.   DISCUSSION

### A.   Intervention

Florcsk argues, and I agree, that he has a right to intervene in this case under Federal Rule of Civil Procedure 24.

Rule 24(a)(2) provides that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  The rule thus "require[s] proof of four elements from the applicant seeking intervention as of right: first, a timely application for leave to intervene; second, a sufficient interest in the litigation; third, a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and fourth, inadequate representation of the prospective intervenor's interest by existing parties to the litigation." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998) (citations omitted).  Florcsk has satisfied all four elements.

### 1.   Timeliness

Florcsk's motion to intervene is timely.  "[S]ince in situations in which intervention is of right the would-be intervenor may be seriously harmed if he is not permitted to intervene, courts should be reluctant to dismiss a request for intervention as untimely, even though they might deny the request if the

6

intervention was merely permissive." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995) (quoting 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1916 (1st ed. 1986)). Courts consider three factors to determine if a motion to intervene by right is timely: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *Id.* (citations omitted). "The mere passage of time, however, does not render an application untimely." *Id.* (citations omitted). Instead, courts consider "the time the proposed intervenor knows or should have known of the alleged risks to his or her rights or the purported representative's shortcomings." *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 950 (3d Cir. 2012).

The early stage of these proceedings favors intervention. Unstoppable filed its complaint on July 19, 2022. D.I. 1 at 17. Florcsk filed his motion to intervene just over a month later, on August 29, 2022. D.I. 22 at 2. No currently named defendant has filed a responsive pleading. No discovery has begun, and no merits arguments have been made outside of the complaint and Unstoppable's motion for a TRO. Thus, although there is a pending default, Florcsk still has moved to intervene at an early, pre-discovery stage.

The fact that my granting Unstoppable's motion for default judgment would have terminated this case does not make Florcsk's motion to intervene untimely.

The Third Circuit has "repeatedly . . . stated [its] preference that cases be disposed of on the merits whenever practicable," that "entry of a default judgment is an extreme sanction," and that "entry of such a judgment is generally disfavored." *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 137 (3d Cir. 2017) (internal quotation marks and citations omitted). Granting intervention avoids this extreme sanction and allows this case to be adjudicated on the merits without undue delay.

Allowing Florcsk to intervene also will not unduly prejudice Unstoppable. In its initial brief supporting its motion for a TRO, Unstoppable alleged that Gateway's continued issuance of ".WALLET" domain names on Handshake would "undermin[e] users' confidence in Unstoppable's .WALLET domains," thus damaging Unstoppable's market share and brand. D.I. 8 at 18–19. Theoretically, such alleged harm could continue if Florcsk is allowed to intervene. But this risk of prejudice is minimal. First, Unstoppable's motion for a TRO is still pending. If Florcsk is allowed to intervene, then I would still rule on this motion after briefing has concluded. Second, the risk of additional identical ".WALLET" domain names being created on different blockchains currently seems small. Florcsk says that because of Unstoppable's lawsuit, Gateway has closed its registry business, and that, "without a registrar," Florcsk is currently "unable to offer [his] .WALLET [domain names] on Handshake's blockchain." D.I. 24 ¶ 15. Tellingly,

8

Unstoppable acknowledges in its briefing that "neither Florcsk nor anyone else will be selling domains through Gateway for the foreseeable future." D.I. 27 at 14.

Finally, even if Florcsk knew in July 2022 that his rights would be substantially affected by Unstoppable's requested relief, Florcsk offers justifiable reasons for the timing of his motion. Florcsk declares that he "immediately undertook efforts to find someone who might help finance the legal costs" that intervening would incur. D.I. 31 ¶ 3. Moreover, evidence that Unstoppable submitted shows that a lawyer told Florcsk that "fight[ing] this lawsuit at just the initial stage could cost tens of thousands of dollars" and, eventually, "hundreds of thousands of dollars." D.I. 28, Ex. 2. Because of these expected costs, Florcsk requested "assistance for legal support" from "Handshake investors, stakeholders, and founders." D.I. 28, Ex. 2.

In sum, given this lawsuit's early stage, the limited prejudice that Unstoppable will suffer if Florcsk intervenes, and Florcsk's justifiable delay, I find that Florcsk's motion to intervene is timely.

### 2.  Threats to Florcsk's Interests

Florcsk has an interest in this litigation that may be threatened if he is not allowed to intervene. "Interests in property are the most elementary type of right that Rule 24(a) is designed to protect." *Mountain Top*, 72 F.3d at 367 (citation omitted). The central issue in this suit is whether Unstoppable possesses a

9

trademark right to ".WALLET," such that Florcsk would not be able to market and use his Handshake ".WALLET" TLD. Thus, Florcsk has a clear property interest that may be jeopardized if he is not allowed to intervene.

Pragmatism, "a substantial factor that must be considered," also supports intervention. *Kleissler*, 157 F.3d at 970. Courts have "often relied on pragmatic considerations such as the benefits derived from consolidation of disputes into one proceeding." *Id.* Indeed, the Third Circuit's case law "favors intervention over subsequent collateral attacks." *Id.* at 970–71. Here, the merits of Unstoppable's suit have not yet been addressed. But both Unstoppable and Florcsk have already levied collateral attacks through their newly-filed complaints. Denying intervention will not negotiate a cease fire. Judicial efficiency thus favors intervention.

### 3.    Adequacy of Representation of Florcsk's Interests

Florcsk's interests are not represented by Gateway or Stevens. Since Unstoppable filed its complaint, neither Gateway nor Stevens has sought to defend against this lawsuit. Neither filed an answer or responsive pleading. Neither attended the August 16, 2022 hearing. And neither contested Unstoppable's motion for a TRO or motion for default judgment. Furthermore, even if the current defendants were defending themselves against Unstoppable's charges, Florcsk has a different, if not stronger, incentive to litigate this case, because ownership of

10

".WALLET" TLDs is the heart of this dispute, not a registrar's ability to register TLD names.

### 4.    Summary

I find therefore that Florcsk has satisfied the required elements to intervene as of right under Rule 24(a)(2) and will grant his motion to intervene.

### B.    Stay of Unstoppable's Motions for Default Judgment and a TRO

Unstoppable argues that even if I grant Florcsk's motion to intervene, I should still issue a default judgment against Gateway and Stevens because they chose "to not engage in this litigation," and Florcsk "cannot stand in Defendants' place and defend" on their behalf.  D.I. 27 at 19.  But Unstoppable's proposed order for default judgment and permanent injunctive relief stretches beyond just Gateway and Stevens.  Unstoppable seeks a judgment that Gateway, Stevens, and "related companies, affiliates, and all persons in active concert or participation with any of them" be permanently enjoined from "promoting, registering, selling, or offering for sale any .WALLET domain names."   D.I. 17 ¶ 3.  Moreover, as noted above, Gateway is no longer registering ".WALLET" domain names on any blockchain, so any potential prejudice to Unstoppable is—at least for now—minimal.  Thus, I will refrain from ruling on Unstoppable's motions until Florcsk has submitted responsive pleadings.

\* \* \* \*

Now therefore, at Wilmington on this Twenty-third day of June in 2023, it is

**HEREBY ORDERED** that Scott Florcsk's Motion to Intervene as Defendant and

Request to Stay Ruling on Plaintiff's Motion for Temporary Restraining Order and

Motion for Default Judgment (D.I. 22) is **GRANTED**.


_____
CHIEF JUDGE